CASE 50.—PROSECUTION AGAINST P. B. FARRIS FOR SELL-
ING INTOXICATING LIQUORS IN QUANTITIES LESS
THAN FIVE GALLONS IN VIOLATON OF A SPE-
CIAL ACT APPLYING TO KNOX AND WHITLEY
COUNTIES APPROVED APRIL 15, 1884. — Septem-
ber 19.

# Farris v. Commonwealth

Appeal from Knox Circuit Court.
H. C. FAULKNER, Circuit Judge.

Defendant convicted and appeals.—Reversed.

1. Intoxicating Liquors—Offenses—Sales in Prohibited Quanti-
ties.—A sale of liquor to several or any one of certain wit-
nesses, in such manner that they or any one of them were
enabled to receive a quantity of less than five gallons, is not
a violation of the act of April 15, 1884 (1 Acts 1883-84; p.
1404, c. 789), and of the acts amendatory thereof, regulating
the sale of intoxicating liquor in the counties of Knox and
Whitley, and forbidding a sale of less than five gallons, unless
the liquor was so sold with the knowledge, understanding, or
design that it would be so received.

2. Same—Criminal Prosecutions—Instructions.—Where, on a trial,
for selling liquor in quantities less than five gallons, it ap-
peared that several parties met near defendant's residence
and agreed to buy whisky, each to share therein according
as he contributed, that the whisky was purchased, and, within
view of defendant's house, divided among such parties, an in-
struction that, if defendant had a scheme whereby he, in
selling liquor under the guise of selling it in five gallons, ar-
ranged to divide it among his purchasers so that they could
get it in less quantities than five gallons, and so that such
purchasers received their part of the liquor less than five, gal-
lons in a way commonly known as a "divide," he was guilty
was subject to the criticism that it did not sufficiently con-
nect the purchasers or any one of them with the transaction.

3. Same.—Act April 15, 1884 (1 Acts 1883-84, p. 1404, c. 789), and

acts amendatory thereof, regulating the sale of intoxicating liquor in the counties of Knox and Whitley, does not restrict the right of a distiller to sell in five-gallon quantities to licensed retailers or wholesalers.

J. N. BRAFFORD and JOHN H. WILSON for appellant.

N. B. HAYS, ATTORNEY GENERAL, and CHAS. H. MORRIS for Commonwealth.

OPINION OF THE COURT BY WM. ROGERS CLAY—Commissioner—Reversing.

Appellant, P. B. Farris, was indicted, tried, and convicted in the Knox circuit court for the offense of selling intoxicating, spirituous, vinous, and malt liquors, or a mixture thereof, in quantities less than five gallons, in violation of the act of the General Assembly of the Commonwealth of Kentucky regulating the sale of intoxicating, spirituous, vinous, and malt liquors, and the mixture thereof, in quantities less than 10 gallons in the counties of Knox and Whitley, approved April 15, 1884, and of the acts amendatory thereof. 1 Acts 1883-84, p. 1404, c. 789. A demurrer was interposed to the indictment and overruled by the court. The indictment is in the usual form and is not subject to criticism.

The undisputed facts show that the appellant was a licensed distiller; that, within 12 months before the finding of the indictment, T. S. Wilson, Bob Smith, and others, met in a public road within 15 or 20 steps of the residence of the appellant, and agreed "to go in" and buy some whisky. Each man who was to share in the whisky signed his name to a paper, showing how much money he had contributed to the fund. When a sufficient sum was contributed, some one of the subscribers went to the premises of

defendant, purchased a five-gallon keg of whisky, brought it out into the road, and within 75 yards, and in view, of the dwelling house of appellant, divided it among the subscribers in proportion to the amount of money subscribed by each. They used a faucet to draw the whisky, and a can to divide the same, and the witnesses say that "the cup and faucet came out with the keg."

The trial court instructed the jury as follows: "(1) If you shall believe from the evidence, beyond a reasonable doubt, that the defendant, Brit Farris, in this county, and within 12 months next before the date of the indictment, and at the time mentioned by the witnesses, sold directly or indirectly to the witnesses, Wilson, Smith, and Hiram Cain, or either of them, spirituous, vinous, and malt liquors in such manner as that they or either one of them were enabled to receive a quantity less than five gallons to himself, then you ought to find him guilty and fix his punishment at any fine not less than $60 nor more than $100, or, in lieu thereof, imprisonment in the county jail not less than 10 nor more than 40 days. or you may both fine and imprison him within these limits, at your discretion, according to the proof. (2) Or, if you shall believe from the evidence, beyond a reasonable doubt, that the defendant had a scheme, plan, device, arrangement, or subterfuge to which he was a party, and which he had arranged whereby and so that he could sell liquor under the guise of selling it as in five-gallon quantities or over, and did for the purpose and knowing that it was to be divided there on the premises or near by, and he arranged it so as to divide it in that way among his purchasers, with the design or for the purpose, or so as he knew they would get that in quantities less

than five gallons, and that was part of his scheme to distribute his liquor to the public, he receiving pay therefor, and he did this within 12 months next before the date of the indictment, so as that the witnesses received their part of the liquor, less than five gallons in a way commonly known as a 'divide,' to which he was a party and participated therein by himself or his agent, then he is guilty, and you ought to so find and fix his punishment as in instruction No. 1.    (3) If you believe from the evidence, however, that the defendant was engaged in good faith as a distiller in selling his product to the trade—that is to say, to persons who were retailing liquor and who were licensed retailers or wholesalers for that matter, or was selling it in wholesale to such persons, and in that way made the sale in good faith, and not to be divided on the premises under a scheme or plan or device or subterfuge, among the purchasers, so as that they would get it in quantities less than five gallons— then he is not guilty, and you should so find.    (4a) If you have a reasonable doubt of the defendant having been proven guilty, then you ought to find him not guilty.    (b) If you find him guilty, you may say that he be placed at hard labor one day for each one dollar of the fine and cost, if he shall fail to pay or replevy; but that is a matter within your discretion."

The appellant complains that the foregoing instructions are erroneous and were prejudicial to the appellant. The first instruction is erroneous, in that appellant might have sold the liquor to the witnesses, Wilson, Smith, or Cain, or any one of them, in such manner that they or one of them were enabled to receive a quantity of less than five gallons, without being guilty, unless he so sold the liquor with the

knowledge, understanding, purpose, or design that it would be so received. Instruction No. 2 is strong and well adapted to cases like the one before us. It may, however, be subject to the criticism that it does not sufficiently connect the purchasers or any one of them with the transaction. Instruction No. 3 is erroneous, in that it restricts the right of the distiller to sell only to persons who are licensed retailers or wholesalers; whereas, the statute requires no such qualification.

This court is of the opinion that the trial court should have instructed the jury as follows: "(1) If you shall believe from the evidence, beyond a reasonable doubt, that the defendant, Brit Farris, in this county, and within 12 months next before the date of the indictment, and at the time mentioned by the witnesses, sold directly or indirectly to the witnesses, Wilson, Smith, and Hiram Cain, or any one of them, spirituous, vinous, or malt liquors in quantities less than five gallons, then you should find the defendant guilty, and fix his punishment at any fine not less than $60 nor more than $100, or imprisonment in the county jail for not less than 10 nor more than 40 days, or you may both so fine and imprison the defendant within these limits, at your discretion. (2) Or, if you shall believe from the evidence, beyond a reasonable doubt, that the defendant had a scheme, plan, device, arrangement, or subterfuge, to which he was a party, and which he had arranged, whereby he could sell liquor under the guise of selling it in quantities of five gallons or over, and with the knowledge, purpose, or design that it was to be divided there on his premises or near by, so that the purchasers, or any of them, would receive less than five gallons as his portion, and that that was part of

defendant's scheme to sell and distribute his liquor to the public, and that, in pursuance of said plan, device, or subterfuge, he sold the liquor in question at the time mentioned by the witnesses, and within 12 months next before the date of the indictment, to the witnesses, Wilson, Smith, and Hiram Cain, or any one of them, with the knowledge, purpose, or design that they, or any one of them, would receive less than five gallons as his portion of the liquor purchased, then the defendant is guilty, and you ought to so find and fix his punishment as provided by instruction No. 1. (3) If, however, you believe from the evidence that the defendant is a manufacturer or wholesale dealer, and that he, in good faith and in the usual course of trade, sold the liquor in question to the witnesses in quantities of not less than five gallons delivered at one time and not to be drunk on the premises, and not to be divided among the purchasers under a scheme, plan, device, or subterfuge to which he was a party, by which they or any one of them received a portion of less than five gallons, then you should find defendant not guilty. (4) If you find the defendant guilty, you may or not, in your discretion, say that he be placed at hard labor, one day for each one dollar of the fine and costs, if he shall fail to pay or replevy the same. (5) If, from the evidence in the case, you entertain a reasonable doubt of the defendant's guilt, then you should find him not guilty.''

Judgment reversed, and cause remanded for a new trial consistent with this opinion.